# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES,<br><br>    Defendant. | Case No. 1:12-cv-00126-LJO-SAB<br><br>**AMENDED[1] FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED**<br><br>(ECF NO. 8)<br><br>OBJECTIONS DUE WITHIN 21 DAYS |

      Currently before this Court is Defendant James A. Yates' ("Defendant") motion to dismiss, filed on March 19, 2012. (ECF No. 8.) Defendant's motion was submitted to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 303 for findings and recommendations to the District Court. For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be denied.

/ / /

/ / /

/ / /

---

[1] The Court previously issued Findings and Recommendations inadvertently omitted the instructions regarding the filing of objections to the Findings and Recommendations. Accordingly, the Court issues the following amended Findings and Recommendations to reflect the filing deadlines.

1

# I.

# BACKGROUND

Plaintiff is a prisoner proceeding pro se in this action. This action was removed from the Superior Court of California for the County of Fresno on January 27, 2012. (ECF No. 2.) Plaintiff's complaint named James Yates and an unidentified correctional officer ("Jane Doe #1") as defendants. Plaintiff contends that Yates and Jane Doe #1 failed to protect Plaintiff while he was incarcerated at Pleasant Valley State Prison ("PVSP") on or around March 19, 2010. Plaintiff contends that his rights under the Eighth Amendment of the U.S. Constitution were violated.

Defendant moves for dismissal on three grounds. First, Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Mem. Of P. & A. in Supp. Of Mot. To Dismiss ("Def.'s MPA") 3:20-6:6.) Second, Defendant argues that Plaintiff's allegations fail to state a claim against Defendant Yates. (Def.'s MPA 6:7-8:12.) Third, Defendant argues that Plaintiff failed to comply with the California Tort Claims Act with respect to Plaintiff's claims against Defendant Yates, requiring dismissal of Plaintiff's state law claims. (Def.'s MP 8:13-9:25.)

# II.

# DISCUSSION

**A.     Exhaustion Of Administrative Remedies**

Defendant argues that Plaintiff's complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").

1.     <u>The PLRA's Exhaustion Requirement</u>

Under the PLRA:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

2

Jones v. Bock, 549 U.S. 199, 216 (2007).

"[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d, 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id.

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper" exhaustion "'means using all steps that the agency holds out.'" Id. at 90. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 91. However, the failure to exhaust may be excused where a prison official renders administrative remedies "effectively unavailable," such as by improperly screening an inmate's appeals, Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010), or when the failure to exhaust is caused by a prison official's mistake, Nunez v. Duncan, 591 F.3d 1217, 1225-26 (9th Cir. 2010). The plaintiff bears the burden of demonstrating that the grievance procedure was unavailable after the defendant meets their burden of showing the absence of exhaustion. Albino v. Baca, 697 F.3d 1023, 1032 (9th Cir. 2012).

### 2. Plaintiff's Failure To Exhaust Is Excused

Defendant contends that Plaintiff failed to exhaust because Plaintiff never fully exhausted all his available remedies by appealing to the final level of review.[2] Defendant argues that exhaustion of administrative remedies involves filing an informal level appeal, then pursuing three formal levels of appeal. (Def.'s MPA 4:13-20.) According to Defendant, Plaintiff failed to exhaust because he filed an informal level appeal, but did not pursue the three formal levels of appeal. (Def.'s MPA 6:3-5.) In response, Plaintiff contends that the response to his informal

---

[2] In their reply, Defendant conceded that any arguments pertaining to the timeliness of Plaintiff's inmate administrative appeal had been waived because prison officials accepted Plaintiff's informal level appeal for review. (Def.'s Reply to Pl.'s Opp'n to Mot. To Dismiss ("Def.'s Reply") 3:12-19.)

3

1  level appeal stated that he was "appealing an action or decision that hasn't yet occurred." (Pl.'s
2  Reply of Leave to File Am. Opp'n to Def.'s Mot. To Dismiss 3.)

3      Having reviewed Plaintiff's appeal and the prison officials' response to Plaintiff's appeal,
4  the Court finds that Plaintiff's failure to pursue higher levels of appeal was excused per the
5  holdings in Sapp, Nunez, and Albino. Any further administrative remedies beyond the informal
6  level of appeal were "effectively unavailable" due to the conduct of prison officials.

7      Plaintiff attaches a copy of his September 10, 2010 informal level appeal to his
8  opposition. (Pl.'s Opp'n Reply to Def.'s Mot. To Dismiss ("Pl.'s Opp'n") 37-38.[3]) In this
9  appeal, Plaintiff describes the March 19, 2010 incident where he was attacked by other prisoners.
10 (Pl.'s Opp'n 37.) When correctional officers arrived at the scene, they used pepper spray and
11 batons on all the prisoners, including Plaintiff. (Pl.'s Opp'n 37-38.) Plaintiff also faults "the
12 incompetence and the negligence of the female [correctional officer] who failed to perform her
13 job duties correctly." (Pl.'s Opp'n 38.) Under "Action Requested," Plaintiff requested copies of
14 the incident reports as well as $25,000.00 in compensation. (Pl.'s Opp'n 38.)

15     Prison officials responded to Plaintiff's appeal on October 1, 2010. The response stated:
16 The enclosed documents are being returned to you for the following reasons:

17         You are appealing an action or decision that has not yet occurred.
        Such issues are not appealable until they happen. (CCR
18         3084.3(c)(3)).
        Not an appealable issue. Submit requests for copies on a GA-22 to
19         your assigned CCI or B Facility Sergeant.

20 (Pl.'s Opp'n 39.)

21     Prison officials appear to have erred in their handling of Plaintiff's appeal. Prison
22 officials informed Plaintiff that he was appealing an action that had not yet occurred, which does
23 not appear to be the case. Plaintiff's appeal complained about the March 19, 2010 incident,
24 which had occurred when Plaintiff filed his appeal. Critically, prison officials also mistakenly
25 informed Plaintiff that what he described was not an appealable issue, which would have

26 ─────────────────
27 [3] The page numbering an exhibit numbering in Plaintiff's filings are not intuitive. Accordingly, the Court cites to
Plaintiff's filings using the page numbers as electronically filed, i.e., page 37-38 in the PDF file docketed at ECF No.
28 21.

1  reasonably led Plaintiff to believe that no administrative remedies were available.  Such a
2  response would have reasonably led Plaintiff to believe that there were no levels of appeal or
3  administrative remedies available to Plaintiff regarding the facts alleged in his appeal.

4  The facts here fall squarely within the circumstances described in <u>Nunez v. Duncan</u>, 591
5  F.3d 1217 (9th Cir. 2010).  Plaintiff made reasonable efforts to pursue his administrative remedies
6  but was stymied by a prison official's error.  <u>See</u> <u>Nunez</u>, 591 F.3d at 1226 (failure to exhaust
7  excused when warden misled prisoner into believing that he needed to see certain prison
8  regulations before appealing).

9  Defendant argues that Plaintiff should have attempted to file a higher level appeal or filed
10 a separate appeal to challenge the handling of his September 10, 2010 informal appeal.  (Def.'s
11 Reply 6:1-7:11.)  However, the cases cited by Defendant are distinguishable because they did not
12 involve a situation where a prison official affirmatively informed Plaintiff that the issue Plaintiff
13 was attempting to appeal was not appealable.  <u>See</u> e.g., <u>Barrett v. Cate</u>, No. 1:09-cv-01741 LJO
14 JLT (PC), 2011 WL 6753993, at *10 (E.D. Cal. Dec. 2011) (failure to exhaust not excused
15 because "prison authorities did not preclude Plaintiff from exhausting his administrative
16 remedies, by affirmatively foreclosing the possibility of Plaintiff taking any further action");
17 <u>Exmundo v. Vella</u>, No. 1:07-cv-01714-AWI-GBC (PC), 2012 WL 465766, at *4 (E.D. Cal., Feb.
18 13, 2012) (no demonstration that prison official's screen out was improper).

19 Accordingly, the Court finds that Plaintiff was excused from exhausting his administrative
20 remedies because prison officials mistakenly informed Plaintiff that the issue he was attempting
21 to appeal was not appealable.

22 **B.    Failure To State A Claim**

23 Defendant argues that Plaintiff's complaint does not meet the pleading standards under
24 Federal Rule of Civil Procedure 8.  (Def.'s MPA 6:7-8:12.)  However, it appears that the
25 document reviewed by Defendant may not be the operative complaint in this action.

26 In the notice of removal, Defendant attaches what they describe as the operative complaint
27 as Exhibit A, which is a six page form Judicial Council complaint.  (ECF No. 2.)  Defendant's
28 motion to dismiss attacks the sufficiency of this six page form document.  The "complaint" states

5

1    that it was filed on May 11, 2011 in the Superior Court of California, County of Fresno in case
2    number 11CECG01463.

3    However, Plaintiff's opposition attaches a fourteen page handwritten "State Tort
4    Complaint" that <u>was not</u> attached to Defendant's notice of removal. (Pl.'s Opp'n 19-32.) The
5    first page indicates that it was also filed in state court on May 11, 2011 in case number
6    11CECG01463. It is not clear why this document was not included in Defendant's notice of
7    removal. The removal statute requires defendant to file "a copy of all process, pleadings, and
8    orders served upon such defendant." 28 U.S.C. § 1446(a). Defendant contends that the "State
9    Tort Complaint" was not served on Defendant with the summons and complaint. (Def.'s Reply
10   7:15-17.)

11   Further confusing matters, the copy of the "State Tort Complaint" attached to Plaintiff's
12   opposition is illegible in many areas and appears to be a poor photocopy of the original.
13   Accordingly, it is difficult to assess whether the "State Tort Complaint" states a cognizable claim.

14   Given the ambiguity regarding the operative complaint, the Court will recommend that
15   Defendant's motion to dismiss be denied without prejudice and that Plaintiff be ordered to file a
16   legible copy of his complaint. To expedite matters, the Court will also recommend that Plaintiff
17   be granted leave to file an amended complaint, if he so chooses, to address any deficiencies
18   identified in Defendant's motion to dismiss which can be cured via an amendment.

19   **C.     Compliance With The California Tort Claims Act**

20   Defendant argues that Plaintiff's state law claims against Defendant Yates must be
21   dismissed because Plaintiff failed to comply with the California Tort Claims Act by filing a claim
22   with the Victim Compensation and Government Claims Board that includes allegations specific
23   to Yates. (Def.'s 8:13-9:25.) However, it is not appropriate to address this argument at this
24   juncture because it is unclear what document serves as the operative complaint in this lawsuit.
25   <u>See</u> discussion <u>supra</u>, Part III.B. It is impossible to compare the allegations in Plaintiff's
26   complaint to the facts raised in Plaintiff's government claim if it is unclear what document serves
27   as Plaintiff's complaint. Accordingly, Defendant's motion on this issue should be denied without
28   prejudice to Defendant's right to raise it again after Plaintiff files his complaint.

# III.

## CONCLUSIONS AND RECOMMENDATIONS

The Court finds that Plaintiff's failure to exhaust his administrative remedies was excused due to prison officials' mistaken and misleading statement that Plaintiff's issues were not appealable. The Court further finds that Defendant's motion to dismiss for failure to state a claim cannot be resolved at this time because it is unclear what document serves as the operative complaint in this matter.

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss with respect to the issue of the exhaustion of Plaintiff's administrative remedies under the PLRA be DENIED; and

2. Defendant's motion to dismiss with respect to Plaintiff's failure to state a claim be DENIED without prejudice. It is further recommended that Plaintiff be ordered to re-file his complaint or file an amended complaint within thirty (30) days after these findings and recommendations are adopted, and that Defendant be ordered to file a response fourteen (14) days thereafter.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2013**                                   **/s/ Stanley A. Boone**
                                                                               UNITED STATES MAGISTRATE JUDGE