**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES A. YATES,<br><br>         Defendant. | Case No.  1:12-cv-00126-LJO-SAB<br><br>**ORDER DENYING MOTIONS**<br><br>(ECF NO. 44, 45) |

Plaintiff Harvey Curtis Baker ("Plaintiff") is a state prisoner proceeding pro se and in this civil rights action under 42 U.S.C. § 1983 against Defendant James A. Yates ("Defendant"). Currently before the Court are two motions filed by Plaintiff. On February 13, 2013, Plaintiff filed a motion requesting appointment of counsel. (ECF No. 44.) The same day, Plaintiff filed a motion requesting that all future hearings be conducted by "court-call." (ECF No. 45.)

**I.**

**DISCUSSION**

**A.     Motion For Appointment Of Counsel**

Plaintiff's first motion requests appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so

1

1 only if exceptional circumstances exist. <u>Palmer</u>, 560 F.3d at 970; <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances exist at this time. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Accordingly, Plaintiff's request for the appointment of counsel will be denied.

### B. Motion For "Court Call" Hearings

Plaintiff's second motion requests that the Court order that all future hearings be conducted via "court-call." The Court interprets this to mean that Plaintiff requests all future hearings to be conducted via telephonic appearance.

It is this Court's practice to adjudicate all motions in cases involving <u>pro se</u> prisoner plaintiffs without hearings, unless otherwise ordered by the Court.[1] <u>See</u> Local Rule 230(l). In an appropriate case, the Court will conduct hearings and allow Plaintiff to appear by telephone. However, this determination will be made on a case-by-case basis and the Court will not issue an advance order setting telephonic hearings for all future proceedings. Accordingly, Plaintiff's motion will be denied.

/ / /

/ / /

/ / /

---

[1] For example, the Court issued its Findings and Recommendations on Defendant's motion to dismiss without a hearing. Neither side presented oral argument and the Court only considered the papers filed by the parties.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's February 13, 2013 motion for appointment of counsel (ECF No. 44) and Plaintiff's February 13, 2013 motion for "court call" hearings (ECF No. 45) are DENIED.

IT IS SO ORDERED.

Dated:   **February 15, 2013**

UNITED STATES MAGISTRATE JUDGE