# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER, | Case No. 1:12-cv-00126-LJO-SAB |
| Plaintiff, | **ORDER SCREENING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN** |
| v. | |
| JAMES A. YATES, | |
| Defendant. | |
| | **(ECF NO. 50)** |
| | **RESPONSE DUE WITHIN THIRTY (30) DAYS** |

Plaintiff Harvey Curtis Baker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action against Defendants James A. Yates and Unidentified Correctional Officer Jane Doe #1 ("Defendants"). The operative complaint in this matter is the "State Tort Complaint" filed by Plaintiff on March 14, 2013 (hereinafter referred to as the "Complaint"). (ECF No. 50.)

For the reasons set forth below, the Court finds that Plaintiff states some cognizable claims and will order Plaintiff either to amend his complaint or to notify the Court that he wishes to proceed only on the claims identified herein.

## I.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that
3  "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
4  1915(e)(2)(B).

5       A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
9  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

10       Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
11  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
12  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to
13  survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual
14  detail to allow the Court to reasonably infer that each named defendant is liable for the
15  misconduct alleged, Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969
16  (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient,
17  and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the
18  plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

19  **II.**

20  **COMPLAINT ALLEGATIONS**

21       At all times relevant to this action, Plaintiff was a prisoner within the custody of the
22  California Department of Corrections and Rehabilitation ("CDCR") and incarcerated at California
23  State Prison-Pleasant Valley ("PVSP").  (Compl. ¶ 8.)  Defendant James A. Yates is the warden
24  at PVSP.  (Compl. ¶ 9.)  Defendant Unidentified Correctional Officer Jane Doe #1 ("Jane Doe
25  #1") is a correctional officer at PVSP.  (Compl. ¶ 10.)

26       Plaintiff alleges that PVSP had been on a "lock-down modified program" for two years
27  prior to the incident alleged in Plaintiff's complaint.  (Compl. ¶ 12.)  Under this program, all
28  "Bulldog Prisoners" were to be placed in restraints before exiting any cell or holding tank and be

escorted. (Compl. ¶ 13.) Plaintiff alleges that it was well known that Bulldog Prisoners were assaulting any and all "white unaffiliated prisoners" on sight at any opportunity. (Compl. ¶¶ 14-15.) Plaintiff alleges that Bulldog Prisoners were to be segregated from white prisoners at all times during the lock-down modified program. (Compl. ¶ 16.) Plaintiff was a white unaffiliated prisoner. (Compl. ¶ 17.)

On March 19, 2010, Plaintiff was being escorted to the correctional treatment center for a surgery appointment. (Compl. ¶ 17.) Upon his arrival at the treatment center, Plaintiff was placed inside a "B-yard holding tank" which consisted of a main cell and three small adjacent cells attached to the main cell. (Compl. ¶ 20.) In an adjacent cell, there were three Bulldog Prisoners. (Compl. ¶ 21.)

Fifteen minutes after Plaintiff's arrival, Jane Doe #1 went to the adjacent cell holding the three Bulldog Prisoners and opened the cell without placing restraints on the prisoners. (Compl. ¶ 23.) Jane Doe #1 then yelled "BULLDOGS" and the three Bulldog Prisoners ran past her and into the main holding tank where Plaintiff was held. (Compl. ¶ 24.) Jane Doe #1 did nothing to stop the Bulldog Prisoners, who proceeded to attack Plaintiff. (Compl. ¶ 25.) At some point in time, other correctional officers arrive at the scene and began to beat all the prisoners involved in the scuffle, including Plaintiff. (Compl. ¶ 27.) Plaintiff was also pepper sprayed. (Compl. ¶ 27.) Plaintiff was not fighting back or resisting the correctional officers. (Compl. ¶ 28.)

Plaintiff alleges that Defendant James A. Yates and Jane Doe #1 "knew or should of known CDCR policies, procedures and protocal[sic] of a lock-down modified program of prisoners on B-Yard at Pleasant Vally[sic], and took cautionary measures to protect plaintiffs[sic] right to be free from cruel and unusual punishment." (Compl. ¶ 42.) Plaintiff alleges that James A. Yates "failed to properly train defendant Jane Doe #1 ... in CDCR policies, procedures and protocal[sic] of a lock-down modified program ... and failed to ensure that ... Jane Doe #1 performed her job as trained." (Compl. ¶ 43.) Plaintiff further alleges that Jane Doe #1 "failed to follow CDCR policies, procedures and protocal[sic] at Pleasant Valley [in] the preformance[sic] of her job duties for a lock-down modified program of prisoners as trained." (Compl. ¶ 44.)

///

# III.

# DISCUSSION

### A.     Eighth Amendment Deliberate Indifference Claim

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff states a cognizable Eighth Amendment claim against Jane Doe #1.  Plaintiff alleged facts that plausibly support the conclusion that Jane Doe #1 allowed the three Bulldog Prisoners to attack Plaintiff despite knowing that Plaintiff faced a substantial risk of serious harm by allowing the Bulldog Prisoners to enter the main cell area where Plaintiff was held without restraining them.

However, Plaintiff does not state a cognizable Eighth Amendment claim against James A. Yates.  Plaintiff does not allege that Yates was present during the incident, but attempts to hold Yates liability on the theory that Yates failed to properly train Jane Doe #1 or ensure that Jane Doe #1 performed her duties as trained.  Plaintiff's claim against Yates fails because Plaintiff failed to allege any facts that plausibly support the conclusion that Yates actually knew that Jane Doe #1 was not properly trained or that she would not perform her duties as trained or that Yates actually knew of a specific risk of serious harm to Plaintiff.  Plaintiff alleged that Jane Doe #1 deliberately allowed the Bulldog Prisoners to attack Plaintiff, suggesting that Jane Doe #1's

actions were not the result of improper training but were instead deliberate actions she took on her own accord. Since Plaintiff has not alleged any facts that plausibly support the conclusion that Yates knew that there was a substantial risk that Jane Doe #1 would act in this manner.

Per <u>Starr v. Baca</u>, 652 F.3d 1202, 1208 (9th Cir. 2011), a supervisory official may be liable for their own acquiescence or culpable indifference toward constitutional violations committed by others. However, here, Plaintiff has failed to allege sufficient facts to establish "culpable indifference." Plaintiff's complaint is distinguishable from the complaint in <u>Starr</u> because the plaintiff in <u>Starr</u> included "many allegations ... detailing what [the supervisory official] knew or should have known, and what Sheriff Baca did or failed to do." <u>Id.</u> at 1209. Here, Plaintiff has done nothing more than allege boilerplate legal conclusions that are inconsistent with his allegation that Jane Doe #1 deliberately (i.e., in conscious disregard of her training) chose to release the three Bulldog Prisoners without any restraint. Accordingly, Plaintiff's complaint fails to state a plausible claim for relief against Yates for failing to train Jane Doe #1 or ensure that she performed her duties properly. Plaintiff fails to state a claim against Yates.

**B.     State Law Claims**

Plaintiff alleges that Defendants' conduct violated Article 1, Section 17 of the California Constitution, which states that "[c]ruel or unusual punishment may not be inflicted or excessive fines imposed." However, there is no private right of action for damages arising out of a violation of the Cruel or Unusual Punishment Clause of the California Constitution. <u>Giraldo v. California Dept. of Corrections and Rehabilitation</u>, 168 Cal.App.4th 231, 253 (2008). Accordingly, to the extent that Plaintiff seeks monetary damages stemming from the alleged violation of Article 1, Section 17 of the California Constitution, his claim fails. Moreover, as discussed below, since Plaintiff's complaint indicates that he is no longer housed at PVSP, Plaintiff's claim for declaratory relief for the violation of the California Constitution will be dismissed as moot.

Plaintiff's complaint also references California Government Code § 844.6(d). However, Section 844.6(d) merely states that "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission." Section


844.6(d) does not establish an independent cause of action for any of the conduct alleged in Plaintiff's complaint. Accordingly, Plaintiff's "claim" under Section 844.6(d) fails.

### C.     Claims for Equitable Relief

Plaintiff's complaint seeks declaratory relief. However, Plaintiff's complaint indicates that Plaintiff is no longer housed at PVSP but is now housed at the California Medical Facility in Vacaville, California. A prisoner's transfer to another institution will generally moot claims for equitable relief such as declaratory relief or injunctive relief. Edmundson v. MacDonald, 415 Fed. Appx. 838, 838-839 (9th Cir. 2011); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). Accordingly, Plaintiff's claims for declaratory relief will be dismissed and this action will proceed solely on Plaintiff's claims for damages.

### IV.

### CONCLUSION AND ORDER

Plaintiff states a cognizable claim against Defendant Unidentified Correctional Officer Jane Doe #1 under 42 U.S.C. § 1983 for the violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. Plaintiff fails to state any other claims.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the Eighth Amendment claim against Jane Doe #1, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return.[1] Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

---

[1] It is Plaintiff's responsibility to ascertain the identity of Jane Doe #1 and provide sufficient information to the Court to locate and identify Jane Doe #1 and facilitate proper service of the complaint upon her.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Unidentified Correctional Officer Jane Doe #1; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 8, 2013**

UNITED STATES MAGISTRATE JUDGE