# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER,<br><br>                Plaintiff,<br><br>        v.<br><br>JAMES A. YATES, et al.,<br><br>                Defendants. | Case No.  1:12-cv-00126-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF NO. 64 |

Plaintiff Harvey Curtis Baker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 23, 2013, Plaintiff filed a motion for injunctive relief and for appointment of counsel.  (ECF No. 64.)

For the reasons set forth in more detail below, the Court recommends that Plaintiff's motion be denied.

## I.

## BACKGROUND

The operative pleading in this action is the "State Tort Complaint" filed by Plaintiff on March 14, 2013.  (ECF No. 50.)  After certain claims were dismissed from this action by the Court on July 16, 2013, the only remaining claim in this action is Plaintiff's claim under Section 1983 against Defendant Unidentified Correctional Officer Jane Doe #1 for the violation of Plaintiff's rights under the Eighth Amendment.  Plaintiff alleged that Jane Doe #1 allowed

1  Plaintiff to be beaten by rival gang members in a deliberately indifferent manner.

2  Plaintiff filed a Motion for Injunctive Relief and/or Appointment of Counsel on September 23, 2013. (ECF No. 64.) Plaintiff asks "for Injunctive Relief to stay out of state transfer of Pl[ai]ntiff by California Department of Corrections and Rehab, for reasons that the transfer would directly affect the process and proceedings of this case." (Mot. for Inj. Relief 1.) In the alternative, Plaintiff requests appointment of counsel to help Plaintiff prosecute this action.

## II.

## DISCUSSION

### A.   Preliminary Injunction

Plaintiff's motion seeks a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 493; Mayfield, 599 F.3d at 969.

In this case, Plaintiff's motion fails to demonstrate that he is likely to succeed on the merits of this action, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff's only argument is that he must stay in his current prison because it is more convenient for him to prosecute and investigate this action in his current prison. Plaintiff provides no

explanation as to why this is the case. Accordingly, the Court finds that Plaintiff has not demonstrated that he is entitled to a preliminary injunction.

### B.     Appointment of Counsel

Plaintiff's motion seeks appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court has referred this action to the Court's Civil Rights Pro Bono Panel to request the voluntary assistance of counsel. The Court's Pro Bono Coordinator was unable to find any attorneys who were willing to accept this action. Accordingly, Plaintiff's motion for appointment of counsel will be denied.

### III.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff has not demonstrated entitlement to preliminary injunctive relief. Moreover, the Court was unable to obtain voluntary assistance of counsel on Plaintiff's behalf.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Motion for Injunctive Relief and/or Appointment of Counsel be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 1, 2013**

UNITED STATES MAGISTRATE JUDGE