# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER, | Case No. 1:12-cv-00126-LJO-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM |
| v. | ECF No. 75 |
| JAMES A. YATES, et al., | ORDER GRANTING MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES |
| Defendants. | ECF No. 76 |
| | ORDER DENYING MOTION TO APPOINT COUNSEL |
| | ECF NO. 77 |

Before the Court are three motions from Plaintiff. On September 25, 2014, Plaintiff filed a motion for a subpoena duces tecum. (ECF No.75.) On December 24, 2014, Plaintiff filed a motion to extend the deadlines for discovery, filing dispositive motions, and the trial date. (ECF No. 76.) Finally, on January 26, 2015, Plaintiff filed a motion to appoint counsel. (ECF No. 77.)

**I.**

**MOTION FOR A SUBPOENA DUCES TECUM**

Plaintiff's September 25, 2014 motion requests a subpoena duces tecum to request certain documents from third party California Department of Corrections and Rehabilitation ("CDCR").

1

1  Under Federal Rule of Civil Procedure 45(a)(3), the Clerk of the Court "must issue a subpoena,
2  signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). Defendant
3  has not opposed Plaintiff's motion.
4  　　　The Federal Rules of Civil Procedure authorizes the Court to "issue an order to protect a
5  party or person from annoyance, embarrassment, oppression, or undue burden or expense,
6  including ... prescribing a discovery method other than the one selected by the party seeking
7  discovery." Fed. R. Civ. P. 26(c)(1). "[A] court may be as inventive as the necessities of a
8  particular case require in order to achieve the benign purposes of [this] rule." U.S. v. Columbia
9  Broadcasting System, Inc., 666 F.2d 364, 369 (9th Cir. 1982).
10 　　　The documents requested by Plaintiff appear to be documents which would be in the
11 possession, custody, or control of Defendant S. Moore. Accordingly, the Court will require
12 Plaintiff to demonstrate that he attempted to obtain these documents directly from Defendant S.
13 Moore before seeking them from third party CDCR.
14 　　　The Court is cognizant that Defendant S. Moore may argue that such documents are not
15 within her possession, custody, or control despite being in the possession, custody, or control of
16 CDCR. The Court is also cognizant that Defendant S. Moore's representation by the California
17 Office of the Attorney General puts Defendant's counsel in the unique position of knowing
18 whether the documents are in the possession, custody, or control of CDCR.
19 　　　In an effort to avoid the unnecessary burden and expense of third party subpoena
20 discovery, the Court will require Defendant's counsel to review the request for documents
21 attached to Plaintiff's motion and inform Plaintiff whether there may be additional responsive
22 documents in CDCR's possession, custody, or control that were withheld from Plaintiff on the
23 contention that such documents were not within the possession, custody, or control of Defendant
24 S. Moore. If there are any such documents, the Court will permit Plaintiff to subpoena those
25 documents from CDCR.
26 　　　Finally, the Court advises Plaintiff that "[s]erving a subpoena requires delivering a copy
27 to the named person and, if the subpoena requires that person's attendance, tendering the fees for
28 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Fees must be

tendered concurrently with the subpoena." Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). Such fees must be paid by Plaintiff to the witness even if the Plaintiff is proceeding in forma pauperis. Id. at 211-12. The subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

Accordingly, the Court will deny Plaintiff's motion for a subpoena duces tecum without prejudice to Plaintiff's right to refile his motion after attempting to seek the same documents directly from Defendant S. Moore.

## II.

## MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Plaintiff's December 24, 2014 motion requests an extension of the deadlines for discovery, filing dispositive motions, and the trial date[1]. (ECF No. 76.) The Court's April 28, 2014 Discovery and Scheduling Order set the deadline for conducting discovery for December 28, 2014 and the deadline for filing dispositive motions for March 9, 2015.

Due to the Court's order regarding Plaintiff's request for a subpoena, the Court will grant Plaintiff additional time to conduct discovery and file dispositive motions. The Court will extend the deadline for conducting discovery by 90 days, the approximate number of days Plaintiff would have had to conduct discovery as of the date he filed his motion for a subpoena. The Court will also extend the dispositive motion deadline to July 31, 2015.

## III.

## MOTION TO APPOINT COUNSEL

Plaintiff's January 26, 2015 motion requests appointment of counsel. (ECF No. 77.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional

---

[1] The Court has not yet set a trial date in this action.

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Moreover, even assuming a likelihood of success on the merits, Plaintiff has demonstrated an adequate ability to articulate his claims. Accordingly, the Court will deny the motion for appointment of counsel.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's September 25, 2014 motion for issuance of a subpoena duces tecum is DENIED;

2.  Within twenty-one (21) days of the date of service of this order, Defendant's counsel shall review the request for documents attached to Plaintiff's motion for subpoena duces tecum and inform Plaintiff in writing whether there may be responsive documents in CDCR's possession, custody, or control that were withheld from Plaintiff on the contention that such documents were not within the possession, custody, or control of Defendant S. Moore;

3.  Plaintiff's December 24, 2014 motion to extend the deadlines for discovery and for filing dispositive motions is GRANTED;

4.  The deadline for conducting discovery is **June 1, 2015**;

5.  The deadline for filing dispositive motions is **July 31, 2015**; and

///

6. Plaintiff's January 26, 2015 motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **March 3, 2015**

UNITED STATES MAGISTRATE JUDGE