# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-00126-LJO-SAB<br><br>ORDER RE MOTIONS<br><br>ECF NO. 82, 86 |

　　　Currently before the Court are two motions to extend the deadlines set in the Court's scheduling order.  On May 29, 2015, Plaintiff Harvey Curtis Baker ("Plaintiff") filed a Request to Postpone Discovery Cut-Off, Dispositive Motion and Trial Dates Due to Non-Compliance with Prior Order By Respondent.  (ECF No. 82.)  Defendant S. Moore ("Defendant") filed an opposition to this request on June 17, 2015.  (ECF No. 84.)  Plaintiff filed a reply on July 9, 2015.  (ECF No. 85.)

　　　On July 29, 2015, Defendant filed a motion for an extension of the dispositive motion deadline.  (ECF No. 86.)

/ / /

/ / /

/ / /

/ / /

1

# I.

# DISCUSSION

### A. Plaintiff's Request to Extend the Discovery Deadline

The Court's April 28, 2014 scheduling order set the deadline for discovery as December 28, 2014 and the deadline for filing dispositive motions as March 9, 2015. (ECF No. 74.) Plaintiff requested an extension of the discovery deadline on December 24, 2014. (ECF No. 76.) On March 4, 2015, the Court granted this motion and extended the deadline for conducting discovery by 90 days. (ECF No. 81.)

On May 29, 2015, Plaintiff filed a second motion to extend the discovery deadline. (ECF No. 82.) Plaintiff argues that additional time is necessary to conduct discovery because Defendant has failed to respond to the portion of the Court's March 4, 2015 order requiring them to review Plaintiff's request for documents and inform Plaintiff in writing whether any responsive documents are in CDCR's possession, custody, or control that were withheld from Plaintiff.[1]

Defendant admits that they failed to comply with the Court's March 4, 2015 order. Defendant argues that their failure to comply did not prejudice Plaintiff's ability to conduct discovery, and therefore the discovery deadline should not be extended. Defendant further argues that they provided a response to Plaintiff on June 1, 2015 informing Plaintiff that no documents were withheld in response to Plaintiff's requests for production on the grounds that they were not within the possession, custody, or control of Defendant.

The Court notes that Defendant's untimely response did prejudice Plaintiff. The Court denied Plaintiff's first request for a subpoena against CDCR because it was unclear whether Plaintiff could have requested the same documents directly from Defendant. Accordingly, the

---

[1] Plaintiff had served a request for production of documents on Defendant S. Moore and requested the Court issue a subpoena requesting documents from CDCR. The Court recognized that in lawsuits involving correctional officers working for the California Department of Corrections and Rehabilitation ("CDCR"), a common discovery tactic is to vaguely claim that individual correctional officers lack possession, custody, or control over certain documents in CDCR's possession, which gives the impression to inexperienced plaintiffs that these documents do not exist, when instead CDCR's position is that the plaintiff sought the documents from the wrong entity. To avoid unnecessary costs associated with playing these discovery games, the Court ordered Defendant to inform Plaintiff whether any documents were withheld on this ground.

purpose of Defendant's response was to determine whether Plaintiff should renew his request for a subpoena against CDCR.

The Court also admonishes Defendant for failing to comply with the Court's order requiring them to respond to Plaintiff within twenty-one (21) days of the Court's March 3, 2015 order. The Court fashions the following sanctions against Defendant for their failure to comply which serves the dual purpose of resolving the outstanding discovery dispute.

Since Defendant interfered with Plaintiff's ability to request a timely subpoena requesting documents from CDCR, the Court will order Defendant's counsel to coordinate with CDCR and respond to Plaintiff's requests for documents as if a timely subpoena had been issued and served. Accordingly, the Court will give Plaintiff an opportunity to serve his requests for documents on Defendant and Defendant's counsel shall coordinate with CDCR to provide a response to Plaintiff's request as if the request had been made via a formal subpoena. To the extent that any documents are withheld by Defendant/CDCR on the basis of privilege, Defendant's counsel shall provide Plaintiff with a detailed privilege log individually identifying each document withheld and describing the grounds for the applicable privilege. The Court will grant Plaintiff the opportunity to file a motion challenging any asserted privilege. The Court will not extend the discovery deadline to permit Plaintiff to conduct any other discovery, since Defendant's untimely response did not affect Plaintiff's ability to conduct any other discovery.

### B.   Defendant's Motion to Extend

Defendant requests a thirty-one (31) day extension of the deadline to file dispositive motions. The Court will extend the dispositive motion deadline for both Plaintiff and Defendant since there are outstanding discovery issues related to the documents Plaintiff sought from Defendant and CDCR.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline is PARTIALLY GRANTED:

    a. Within twenty-one (21) days of the date of this order, Plaintiff shall serve a Request for Documents identifying any documents requested from CDCR;

    b. Counsel for Defendant shall coordinate with CDCR to provide respond to Plaintiff's requests as if they had been served with a formal subpoena. Defendant's response shall be provided within twenty-one (21) days after the requests are served;

    c. Any motion to compel from Plaintiff challenging Defendant/CDCR's responses shall be filed within twenty-one (21) days after Defendant's response is served;

2. Defendant's motion to extend the dispositive motion deadline is GRANTED. Plaintiff and Defendant shall file any dispositive motions on or before August 31, 2015.

IT IS SO ORDERED.

Dated:  **July 30, 2015**

UNITED STATES MAGISTRATE JUDGE