# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY CURTIS BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00126-LJO-SAB<br><br>ORDER RE: REQUEST FOR CLARIFICATION<br><br>ECF NO. 91 |

On October 1, 2015, Plaintiff Harvey Curtis Baker ("Plaintiff") filed a Request for Clarification of the Court's Scheduling Order, or Extension of Time, or Extension of Time Nunc Pro Tunc to File Opposition to Defendant's Request for Summary Judgment. (ECF No. 91.) Plaintiff appears to seek clarification of the Court's September 3, 2015 order granting Defendant S. Moore's ("Defendant") request for an extension of time. (ECF No. 90.)

In the Court's September 3, 2015 order, the Court granted Defendant a 21 day extension of time to respond to Plaintiff's requests for production of documents. Mindful of the fact that Defendant filed a motion for summary judgment on August 31, 2015 (ECF No. 88) and that Defendant's responses to the discovery requests may be pertinent to Plaintiff's opposition to the motion for summary judgment, the Court also granted a 21 day extension to file an opposition.

Plaintiff's October 1 request asks whether the September 3, 2015 order gave Plaintiff an additional 21 days from the original due date for his opposition or if the September 3, 2015 order required Plaintiff to file an opposition within 21 days from the date of the September 3, 2015

order. The September 3 order is not confusing or ambiguous. It clearly granted Plaintiff a 21 day extension from the original due date. Defendant filed their motion on August 31, 2015. Under Local Rule 230(l), Plaintiff normally must file an opposition within twenty-one (21) days. Factoring in the additional twenty-one (21) day extension provided by the September 3 order and the additional three (3) days provided under Federal Rule of Civil Procedure 6(d)[1], Plaintiff's opposition is due on October 15, 2015.

Plaintiff's request also "seeks an order clarifying that his opposition to the motion for summary judgment is not due until 21 days [after] plaintiff's time to file a motion to compel has expired." Any request for an extension of time due to a motion to compel is premature, as it is unclear whether a motion to compel is even necessary. Accordingly, the Court will deny this request without prejudice. If and when Plaintiff can demonstrate that a motion to compel is necessary and would be necessary to obtain documents relevant to the pending motion for summary judgment, the Court will consider granting Plaintiff additional time. At this juncture, Plaintiff only states that he "expects" to file a motion to compel, but provides no indication why that is the case. Plaintiff has not even attempted to demonstrate how Defendant's responses to Plaintiff's discovery requests are incomplete and warrant a motion to compel and Plaintiff has not even attempted to demonstrate how or why the documents requested would be relevant to specific issues raised in Defendant's motion for summary judgment.

Based upon the foregoing, it is HEREBY ORDERED that Plaintiff's opposition to Defendant's motion for summary judgment shall be filed on or before October 15, 2015. Plaintiff's request for an extension of time beyond October 15, 2015 is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 7, 2015**

UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff claims he is entitled to an additional "5 days for service by mail." However, the Court is unaware of any provision which provides this time. Federal Rule of Civil Procedure 6(d) provides an additional three (3) days when a deadline is set for "a specified time after service" and service is made by mail.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28